UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARRIN A. GRUENBERG,

       Plaintiff,

       v.                          Case No. 06-C-0256

TIM LUNDQUIST, KATHLEEN BELAIRE,
HELENE NELSON, DR. RODNEY MILLER
and STEVE SPANBAUER,

       Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOCKET # 62), GRANTING IN PART AND DENYING IN PART DEFENDANTS' FIRST MOTION TO STRIKE (DOCKET # 77), DENYING DEFENDANTS' SECOND MOTION TO STRIKE (DOCKET # 85) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR AFFIDAVITS (DOCKET # 83).

Plaintiff, Darrin A. Gruenberg, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* on an Eighth Amendment deliberate indifference claim. This matter comes before the court on the plaintiff's motion to compel, the plaintiff's request for affidavits and the defendants' two motions to strike.

**1.    Plaintiff's Motion to Compel**

The plaintiff has filed a motion to compel the defendants to provide him with the following documents: (1) a copy of the Wisconsin Department of Corrections DOC-2056 form; and (2) the April, 2005, referral form concerning his transfer from Wisconsin Secure Program Facility (WSPF). Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party

must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The plaintiff has certified that he attempted to confer with the defendants in attempt to obtain the requested materials. Therefore, the plaintiff has satisfied the personal consultation requirement. The court will now determine whether the plaintiff's request is relevant.

In general, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed.R.Civ.P. 26(b)(1). A court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2).

In the present case, the plaintiff has not shown why the DOC-2056 form is relevant to his Eighth Amendment claim. He has not explained the purpose of the form nor has he indicated how it relates to his allegation that the defendants denied him adequate mental health care. Further, the court notes that the DOC does not permit any inmate to possess a copy of the form for security reasons. (*See* Pl.'s Response to Def.'s Mot. for Summ. Judg. Ex. C(1)). The plaintiff does not assert that the security concern is inapplicable in this case and he makes no claim that the benefit of the discovery he seeks outweighs the potential burden on the DOC. *See* Fed.R.Civ.P. 26(b)(2). For all these

2

reasons, the plaintiff's motion to compel the defendants to provide him with the DOC-2056 form will be denied.

Next, the plaintiff requests that the defendants provide him with the referral form concerning his transfer from WSPF. Again, the plaintiff has not demonstrated that this document is relevant to his Eighth Amendment claim. Specifically, the plaintiff has alleged that the defendants prevented him from receiving treatment at the Wisconsin Resource Center (WRC) and it is unclear how the requested form would help him prove this allegation. Thus, the plaintiff's motion to compel the defendants to provide him with the referral form regarding his transfer from WSPF will be denied.

**2.     Defendants' Motions to Strike**

The defendants have moved to strike certain materials that the plaintiff filed in response to their motion for summary judgment. Federal Rule of Civil Procedure 12(f) provides that, within twenty days after service of a pleading, a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In the present case, the defendants filed a motion for summary judgment on April 19, 2007. The plaintiff was granted an extension of time until June 4, 2007, to respond to this motion. On May 22, 2007, the plaintiff filed his response. Thereafter, on June 26, July 20 and September 17, 2007, the plaintiff submitted additional materials opposing the defendants' motion. The defendants have moved to strike all materials filed after May 22, 2007.

**First Motion to Strike**

First, the defendants have moved to strike the documents the plaintiff filed on June 26 and July 20, 2007. As grounds for their request, the defendants contend: (1) the plaintiff's materials are untimely; and (2) the Local Rules do not permit for the filing of a sur-reply brief. In response, the plaintiff has submitted an affidavit stating that the materials he filed with the court on June 26, 2007, which include a brief and two affidavits, were given to prison officials for mailing on May 23, 2007. However, the documents were returned to him, un-mailed, on June 14, 2007. That same day, the materials were again given to prison officials for mailing and they arrived at the court on June 26, 2007.

The Federal Rules provide that,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...

Fed.R.Civ.P. 6(b).

Inasmuch as the plaintiff's June 26, 2007, materials were submitted to prison officials for mailing prior to the June 4, 2007, response deadline and they were returned to him un-mailed, he has demonstrated cause sufficient to justify an extension of time. Therefore, the court will consider these materials as timely filed. Accordingly, the defendants' motion to strike the plaintiff's June 26, 2007, supplemental response materials will be denied.

4

Next, the defendants seek to strike the plaintiff's July 20, 2007, memorandum of law opposing their motion for summary judgment. In support of their proposition, the defendants state: (1) the plaintiff's materials are untimely; and (2) the Local Rules do not provide for the filing of a sur-reply brief. The plaintiff does not dispute that his July 20, 2007, filing was untimely. And, while a court may permit a party to file a sur-reply brief where it is necessary to adequately respond to a summary judgment motion, review of the plaintiff's memorandum reveals that it re-asserts the arguments set forth in his previous briefs. Therefore, the defendants' motion to strike the plaintiff's July 20, 2007, supplemental response materials will be granted.

**Second Motion to Strike**

Next, the defendants seek to strike the plaintiff's September 17, 2007, filing in which he asks the court to allow him to verify his amended complaint and proposed findings of fact pursuant to 28 U.S.C. § 1746. As grounds for their request, the defendants state that the plaintiff's request is untimely.

As a preliminary matter, the plaintiff does not seek to file additional materials in response to the defendants' motion for summary judgment. Instead, as the court will discuss below, he seeks leave to obtain affidavits under Federal Rule of Civil Procedure 56(f). There no deadline for filing such a request. Thus, the defendants' motion to strike the plaintiff's September 17, 2007, request as untimely will be denied.

3. **Plaintiff's Request for Affidavits**

On September 17, 2007, the plaintiff filed a declaration indicating that he wishes to verify his amended complaint and proposed findings of fact. Inasmuch as the

5

plaintiff requests permission to convert his pleadings into affidavits for purposes of responding to the defendants' motion for summary judgment, his request is properly construed as arising under Rule 56(f).

In evaluating a motion for summary judgment, the court may consider as evidence properly authenticated and admissible documents or exhibits. *Scott v. Edinburg*, 346 F.3d 752, 760 n. 7 (7th Cir. 2003). When it appears that a party opposing a motion for summary judgment cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained. Fed.R.Civ.P. 56(f).

First, the plaintiff asks that the court allow him to swear that his amended complaint is true under 28 U.S.C. § 1746. A sworn complaint may be construed as an affidavit at the summary judgment stage. *Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996). Therefore, upon due consideration, the court will grant the plaintiff's motion to verify the amended complaint.

Next, the plaintiff wishes to verify his proposed findings of fact. Proposed findings of fact, as opposed to affidavits, are not considered "evidence" for purposes of summary judgment. Rather, the purpose of proposed findings of fact is to cite to evidentiary materials in the record. *See* Civil Local Rule 56.2 (E.D. Wis.). Thus, the plaintiff's motion to verify his proposed findings of fact will be denied. However, the plaintiff is advised that the court will consider his proposed findings of fact when addressing the defendants' motion for summary judgment.

6

### 4. Additional Matters

The defendants have stated that, if the plaintiff is permitted to file a supplemental response, they would like additional time in which to file a reply. The plaintiff's June 26, 2007, supplemental response is quite lengthy and, therefore, may require a supplemental reply from the defendants. Moreover, the plaintiff does not oppose this request. Therefore the court will provide the defendants an extension of time until **November 26, 2007**, in which to file their reply to the plaintiff's supplemental response.

As a final matter, the plaintiff filed a letter with the court on July 16, 2007, requesting that the court provide him with copies of documents from the case file. However, the plaintiff failed to identify which documents he seeks to be provided with. Additionally, it is not standard practice to provide copies and postage free of charge to parties in an action, whether they are indigent inmates or not. Therefore, the plaintiff's request for copies will be denied. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel, (Docket # 62) is **DENIED.**

**IT IS FURTHER ORDERED** that the defendants' first motion to strike (Docket # 77) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the defendants' second motion to strike (Docket # 85) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's request for affidavits (Docket # 83) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the defendants may have an extension of

time until **November 26, 2007**, in which to file a reply to the plaintiff's June 26, 2007, supplemental response.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2007.

BY THE COURT

    s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge